IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| REBECCA MANHOLLAN, | ) |
| | ) |
| Plaintiff, | )   2:20-CV-01457-CCW |
| vs. | ) |
| UNITED SERVICE AUTOMOBILE ASSOCIATION, | ) |
| Defendant, | ) |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant United Service Automobile Association's ("USAA") Motion to Dismiss Plaintiff's Complaint for Lack of Subject Matter Jurisdiction. For the reasons set forth below, USAA's motion is hereby DENIED WITHOUT PREJUDICE.

**I.   Background**

Plaintiff initiated this action by filing a complaint on September 28, 2020. *See* ECF No. 1. Plaintiff claims that she is entitled to underinsured motorist coverage under a policy issued by USAA. *See id.* at ¶¶ 22-24. Plaintiff is a citizen of Pennsylvania, and she asserts that USAA is a Texas corporation with its principal place of business in Texas, and that the amount in controversy exceeds $75,000. *See id.* at ¶ 4. Accordingly, Plaintiff invokes diversity of citizenship as the basis for this Court's jurisdiction. *See id*; *see* 28 U.S.C. § 1332(a)(1).

On November 6, 2020, USAA moved to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). *See* ECF No. 9. In support of its Motion, but without presenting any evidence, USAA claims that it is a "reciprocal exchange" and, therefore, "it is deemed a citizen of every state." ECF No. 10. Therefore, USAA argues that "[d]iversity jurisdiction is…lacking." *Id.* Defendant points the Court to *Robinson v.*

*Penske Truck Leasing Co. LP*, No. CV 18-9601, 2018 WL 5776542 (D. N.J. Nov. 2, 2018), where a New Jersey federal district court remanded a case involving USAA to state court on the ground that USAA "is a reciprocal insurance exchange considered to be a citizen of all fifty states, and is therefore considered to be a citizen of New Jersey," thereby depriving the court of subject matter jurisdiction. *Id.* at *1.

Plaintiff raises three arguments in opposition to USAA's Motion. First, Plaintiff claims that USAA has "waived" any right to challenge subject matter jurisdiction because USAA "has accepted that subject matter jurisdiction exists in this matter through their actions and inactions in other cases of this nature." ECF No. 12 at 3. Next, Plaintiff urges this Court to deny USAA's Motion because she has not identified any cases involving USAA where a court in the Third Circuit "has *sua sponte* determined that subject-matter jurisdiction did not exist." *Id.* at 4. Plaintiff infers from this that "courts within the Third Circuit have not accepted the argument made by Defendant." *Id.* Third, and finally, Plaintiff points out that USAA "has not provided any sort of evidence to back up [its] assertion" that subject matter jurisdiction is lacking and, because she is entitled to have the uncontroverted allegations of her complaint accepted as true at this stage of the proceedings, USAA's motion must therefore fail. *Id.* at 4-5.

**II.   Analysis**

"A challenge to subject matter jurisdiction under Rule 12(b)(1) may be either a facial or a factual attack." *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016). A facial challenge contests subject matter jurisdiction without contesting the facts alleged in the complaint, whereas a factual challenge "attacks the factual allegations underlying the complaint's assertion of jurisdiction, either through the filing of an answer or 'otherwise present[ing] competing facts.'" *Id.* (quoting *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014)). "In sum, a

facial attack 'contests the sufficiency of the pleadings'…'whereas a factual attack concerns the actual failure of a [plaintiff's] claims to comport [factually] with the jurisdictional prerequisites.'" *Constitution Party,* 757 F.3d at 358 (citations omitted).

Importantly, "[i]n reviewing a facial attack, 'the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff.'" *Id.* As such, when presented with a facial challenge to subject matter jurisdiction, a district court must "apply the same standard of review it would use in considering a motion to dismiss under Rule 12(b)(6), *i.e.*, construing the alleged facts in favor of the nonmoving party." *Id.* By contrast, "[w]hen a factual challenge is made, 'the plaintiff will have the burden of proof that jurisdiction does in fact exist,' and the court 'is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Davis*, 824 F.3d at 346 (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)).

Here, Plaintiff's first two arguments in opposition to USAA's Motion lack merit. First, as the Supreme Court has stated, "[s]ubject-matter jurisdiction can never be waived or forfeited." *Gonzales v. Thaler*, 565 U.S. 134, 141 (2012). Second, because federal courts are courts of limited jurisdiction, "[w]hen a requirement goes to subject-matter jurisdiction, courts are obligated to consider *sua sponte* issues that the parties have disclaimed or have not presented." *Id.* This means that the Court must satisfy itself that subject matter jurisdiction is proper, notwithstanding whether or how other district courts have addressed similar issues in other cases.

With respect to Plaintiff's third argument, the Court concludes that Defendant has not met the prerequisites for a factual attack on subject matter jurisdiction. Rather, the Court is constrained to treat Defendant's Motion to Dismiss as a facial challenge. *Compare Constitution Party*, 757 F.3d at 358 (finding the district court erred in construing defendant's 12(b)(1) motion

3

as a "factual attack" before defendant had "filed any answer to the Complaint or otherwise presented competing facts.") *with Davis*, 824 F.3d at 346 (finding defendant mounted a "factual challenge" where defendant "submitted a signed declaration disputing [plaintiff's] factual allegations."). Thus, although USAA's citation to *Robinson*, 2018 WL 5776542, suggests to the Court that diversity jurisdiction may be lacking, USAA has not presented any evidence that would permit the Court to look beyond the complaint to ascertain whether "the facts of the case…do not support the asserted jurisdiction." *Constitution Party*, 757 F.3d at 358. Therefore, reading the complaint in the light most favorable to Plaintiff and assuming as true all factual allegations, as it must, the Court finds that Plaintiff has adequately pled diversity jurisdiction. The complaint alleges that Plaintiff is a citizen of Pennsylvania, USAA is a Texas corporation with its principal place of business in Texas, and the amount in controversy exceeds $75,000. *See* ECF No. 1 at ¶ 4.

### III.  Conclusion

For the reasons set forth above, USAA's Motion to Dismiss Plaintiff's Complaint for Lack of Subject Matter Jurisdiction is DENIED WITHOUT PREJUDICE. IT IS FURTHER ORDERED that USAA may renew its challenge to subject matter jurisdiction in such a way that permits the Court to treat it as a factual attack. *See Constitution Party,* 757 F.3d at 358; *Davis*, 824 F.3d at 346. In any case, USAA must so move or answer the Complaint on or before **December 16, 2020**. *See* Fed. R. Civ. P. 12(b)(a)(4).

DATED this 2nd day of December, 2020.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record