IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| REBECCA MANHOLLAN, | ) | |
| | ) | |
| | ) | 2:20-CV-01457-CCW |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| UNITED SERVICE AUTOMOBILE ASSOCIATION, | ) | |
| | ) | |
| Defendant, | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant United Service Automobile Association's ("USAA") renewed Motion to Dismiss Plaintiff's Complaint for Lack of Subject Matter Jurisdiction (the "Renewed Motion"). For the reasons set forth below, USAA's motion is hereby GRANTED.

### I.   Background

Plaintiff initiated this action by filing a complaint on September 28, 2020. *See* ECF No. 1. Plaintiff claims that she is entitled to underinsured motorist coverage under a policy issued by USAA. *See id.* at ¶¶ 22-24. Plaintiff is a citizen of Pennsylvania, and she asserts in her Complaint that USAA is a Texas corporation with its principal place of business in Texas, and that the amount in controversy exceeds $75,000. *See id.* at ¶ 4. Accordingly, Plaintiff invokes diversity of citizenship as the basis for this Court's jurisdiction. *See id*; *see* 28 U.S.C. § 1332(a)(1).

On November 6, 2020, USAA moved to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). *See* ECF No. 9. Finding that USAA's Motion presented a facial, rather than a factual, challenge, *see* ECF No. 13, and finding that Plaintiff had sufficiently pled the existence of diversity jurisdiction on the face of the

Complaint, the Court dismissed USAA's Motion with leave to renew it "in such a way that permits the Court to treat it as a factual attack." *Id.* at 4.

On December 8, 2020, USAA filed its Renewed Motion, in which it again argues that it is a "reciprocal exchange" and is, therefore, "deemed a citizen of every state." ECF No. 14 at ¶ 4. In support, USAA offers as evidence the insurance policy under which Plaintiff is seeking to recover underinsured motorist benefits. *See* ECF No. 14-1. In its supporting brief, USAA highlights language in the policy identifying USAA as a "reciprocal interinsurance exchange." ECF No. 15 at 2; ECF No. 14-1 at 5. As it did in its first Motion to Dismiss, USAA again points to *Robinson v. Penske Truck Leasing Co. LP*, No. CV 18-9601, 2018 U.S. Dist. LEXIS 187680, at *3 (D. N.J. Nov. 2, 2018), in which a New Jersey federal district court found that USAA "is a reciprocal insurance exchange considered to be a citizen of all fifty states, and is therefore considered to be a citizen of New Jersey," thereby depriving the court of subject matter jurisdiction. *Id.* (citing *Chubb Custom Ins. Co. v. United Servs. Auto. Ass'n*, No. 05- 3044, 2005 U.S. Dist. LEXIS 23299, at *7 (D.N.J. Oct. 5, 2005) (dismissing USAA for lack of subject matter jurisdiction because USAA "is an unincorporated association with members in all 50 states" and the plaintiff "failed to meet its burden of proving [diversity] jurisdiction.")). USAA submits, therefore, that "diversity jurisdiction is destroyed" and Plaintiff's Complaint should be dismissed. ECF No. 14 at ¶¶ 11-12.

In opposition, Plaintiff urges this Court to deny USAA's Motion on three grounds. First, Plaintiff argues that USAA has failed to meet its burden of proof that diversity jurisdiction is lacking because, although the policy identifies USAA as a "reciprocal interinsurance exchange," USAA failed to provide "any further explanation as to the make-up of this business structure." ECF No. 16 at 3. Plaintiff contends that this means the Court is constrained to accept as true the

Complaint's allegations that USAA is a Texas corporation with a principal place of business in Texas for the purposes of deciding the Renewed Motion. *Id*.

Second, Plaintiff argues that the Court should disregard the district court's finding in *Robinson* because the decision in *Robinson* relied on cases from other circuit courts of appeals and "has not been upheld by an Appellate Court in this circuit. Therefore, the law cited is not controlling on this Honorable Court." *Id*. Plaintiff attempts to further distinguish *Robinson* on the ground that, here, USAA "has failed to produce documents regarding the structure of this alleged exchange." *Id*.

Third, and finally, Plaintiff relies on *Gould Elecs. Inc. v. United States* for the proposition that "[a] claim may only be dismissed under Rule 12(b)(1) if it 'clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'" *Id.* at 2 (quoting 220 F.3d 169, 178 (3d Cir. 2000)). Plaintiff suggests that, as applied here, the jurisdictional allegations in her Complaint—i.e. that USAA is a Texas corporation with a Texas principal place of business—"cannot be construed as wholly insubstantial and frivolous" and, accordingly, those allegations "must be accepted as true" by the Court. *Id.* at 4.

**II.     Analysis**

"A challenge to subject matter jurisdiction under Rule 12(b)(1) may be either a facial or a factual attack." *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016). A facial challenge contests subject matter jurisdiction without contesting the facts alleged in the complaint, whereas a factual challenge "attacks the factual allegations underlying the complaint's assertion of jurisdiction, either through the filing of an answer or 'otherwise present[ing] competing facts.'" *Id.* (quoting *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014)). "In sum, a

facial attack 'contests the sufficiency of the pleadings'…'whereas a factual attack concerns the actual failure of a [plaintiff's] claims to comport [factually] with the jurisdictional prerequisites.'"  *Constitution Party,* 757 F.3d at 358 (citations omitted).

Importantly, "[i]n reviewing a facial attack, 'the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff.'"  *Id.*  By contrast, "[w]hen a factual challenge is made, 'the plaintiff will have the burden of proof that jurisdiction does in fact exist,' and the court 'is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.'"  *Davis*, 824 F.3d at 346 (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)).

First, the Court notes that Plaintiff's reliance on *Gould* for the proposition that "[a] claim may only be dismissed under Rule 12(b)(1) if it 'clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous'" is misplaced.  ECF No. 16 at 2 (citing 220 F.3d at 178)).  It is true that the court in *Gould* was reviewing the grant of a Rule 12(b)(1) motion, but the context was different than that presented here.  Specifically, the court in *Gould* was addressing situations where the "merits of the case are closely intertwined with the jurisdictional proof," potentially leading to improper consideration of the merits of a case where only jurisdiction has been challenged.  *See Gould,* 220 F.3d at 178; *see also Davis,* 824 F.3d at 348 (cautioning "against allowing a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction to be turned into an attack on the merits.").  No such concern is present here.  USAA's Renewed Motion does not ask this Court to conduct any review of the merits of Plaintiff's claims or make any determination of their legal sufficiency.  Rather, the sole question at issue is whether the Court has jurisdiction to hear this case.

Next, although Plaintiff argues in opposition to the Renewed Motion that USAA "has not met the prerequisites for a factual attack on subject matter jurisdiction," ECF No. 16 at 2, the Court concludes otherwise.  In its Renewed Motion USAA has put before the Court evidence disputing the existence of diversity jurisdiction, specifically the insurance policy at issue in this case.  That policy—which identifies Plaintiff as a covered "operator"—defines USAA as a "reciprocal interinsurance exchange" and was issued to Ronald Manhollan, who shares an address with Plaintiff and, as such, appears from the policy to be a Pennsylvania resident.  ECF No. 14-1 at 5; ECF No. 1 at ¶ 1.  Accordingly, the Court will treat USAA's Renewed Motion as a factual challenge.

In considering USAA's evidence, the Court notes that "[c]ourts have long recognized that reciprocal exchange insurance associations . . . do not receive fictional citizenship as do corporations but, instead, bear the citizenship of each member."  *Amato v. AAA Interinsurance Exch. of the Auto. Club,* 2020 U.S. Dist. LEXIS 230002, at *9 (W.D. Pa. Dec. 8, 2020) (collecting cases);  *see also Chubb Custom Ins. Co.*, 2005 U.S. Dist. LEXIS 23299, at *3-*4 (defining "reciprocal interinsurance exchange" and finding such entities have "'no legal existence separate from its subscribers, [so it] is therefore considered an unincorporated association.'") (quoting *Lumberman's Underwriting Alliance v. Hills*, 413 F. Supp. 1193, 1195 (W.D.Mo. 1976)).  Further, as the court noted in *Robinson*, numerous courts have found that USAA "is a reciprocal insurance exchange considered to be a citizen of all fifty states." *Robinson v. Penske Truck Leasing Co. LP*, No. CV 18-9601, 2018 U.S. Dist. LEXIS 187680, at *3 (citing *Cady v. American Family Ins. Co*., 771 F. Supp. 2d 1129, 1131 (D. Ariz. 2011) (citing cases from the Second, Fifth and Tenth Circuits and finding that because USAA is an

unincorporated association with members in all fifty states, it is considered a citizen of all fifty states)).

Because USAA has made a factual challenge, the burden shifts to Plaintiff to prove that her claims are properly before this Court.  *See Amato*, 2020 U.S. Dist. LEXIS 230002, at *4 (citing *Dev't Fin. Corp. v. Alpha Housing & Health Care*, 54 F.3d 156, 158 (3d Cir. 1995)). Plaintiff has presented no such evidence, instead resting her assertion of federal diversity jurisdiction on the allegations in her Complaint and disputing the sufficiency of USAA's evidence.  *See* ECF No. 16.  However, "'[N]o presumptive truthfulness attaches to [the] plaintiff's allegations,'" and "the court 'is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.'"  *Davis*, 824 F.3d at 346 (citing *Mortensen*, 549 F.2d at 891)).

Therefore, having no evidence from Plaintiff beyond the Complaint to the contrary, the Court concludes that, based on the insurance policy submitted into evidence and consistent with the findings of other federal courts considering this issue, USAA is a reciprocal interinsurance exchange with members in all fifty states.  As such, complete diversity between the parties does not exist, and the Court lacks jurisdiction to hear this case.

### III.   Conclusion

For the reasons set forth above, USAA's Renewed Motion to Dismiss Plaintiff's Complaint for Lack of Subject Matter Jurisdiction is GRANTED and Plaintiff's Complaint is hereby DISMISSED WITHOUT PREJUDICE.

DATED this 4th day of January, 2021.

                                                             BY THE COURT:

                                                             /s/ Christy Criswell Wiegand
                                                             CHRISTY CRISWELL WIEGAND

United States District Judge

cc (via ECF email notification):

All Counsel of Record